UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUANE RICE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 13 C 2824 ) |
| JASON GARNETT, Chief of Parole,[1] | ) Judge Sara L. Ellis ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Duane Rice, who is currently on parole,[2] is serving a ten-year sentence for being an armed habitual offender. Rice has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the evidence was insufficient to convict him of being an armed habitual offender and that his trial and appellate counsel were ineffective for failing to argue this claim. Respondent requests that the Court deny Rice's petition on the basis that the Illinois Appellate Court's decision rejecting both claims was not contrary to or an unreasonable application of Supreme Court precedent. For the following reasons, the Court denies Rice's petition.

---

[1] The Court substitutes Jason Garnett, the chief of parole for the Illinois Department of Corrections, as the Respondent, because Rice is currently on parole and so Christianson is the "state officer who has custody" of Rice. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Rice filed his petition while serving his sentence at the Lincoln Correctional Center. A review of the Illinois Department of Corrections inmate locator indicates that he was released on parole on November 15, 2016. As he remains on parole, Rice continues to satisfy the "in custody" requirement. *See Jones v. Cunningham*, 371 U.S. 236, 240–43, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963) (a person on parole satisfies the custody requirement).

**BACKGROUND**

The Court presumes that the state court's factual determinations are correct for the purposes of habeas review because Rice has not pointed to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The Court thus adopts the state court's recitation of the facts and begins by summarizing the facts relevant to the petition.

In December 2008, following a bench trial in the Circuit Court of Cook County, Illinois, the trial court judge convicted Rice of being an armed habitual offender and sentenced him to ten years' imprisonment. On direct appeal, Rice argued that the State failed to prove his guilt beyond a reasonable doubt because the police officer's testimony that he saw Rice with a firearm was "uncorroborated and unbelievable." Ans. at Ex. A p. 1. The Illinois appellate court affirmed Rice's armed habitual offender conviction and sentence on November 19, 2010.[3] The Illinois Supreme Court declined Rice's petition for leave to appeal ("PLA").

On June 17, 2011, Rice filed a *pro se* post-conviction petition pursuant to 725 Ill. Comp. Stat. 5/122-1, *et seq.* in the Circuit Court of Cook County. That petition alleged that trial and appellate counsel were ineffective for failing to contest the sufficiency of the State's evidence of gun possession because neither counsel challenged the State's failure to introduce the gun, photographs of the gun, or any evidence relating to the gun's chain-of-custody. *Id.* Ex. O at p. C17. The trial court denied the petition, finding that: (1) appellate counsel did challenge the sufficiency of the evidence; (2) the state appellate court found that the evidence supported conviction; (3) trial counsel challenged the State's evidence by calling witnesses, including Rice

---

[3] The appellate court vacated Rice's convictions for two counts of unlawful use of a weapon by a felon ("UUW") and two counts of aggravated UUW based on the one-act, one-crime principle that holds only the conviction on the most serious offense should stand when all convictions are based on a single act. Ans. at Ex. A pp. 1-2, 7.

himself; and (4) petitioner did not explain how the chain-of-custody was tainted or why such a challenge would have been successful. *Id.* at pp. C46–47. Rice's appointed counsel for the appeal of that denial filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), asserting there were no arguable bases for relief. The Illinois appellate court affirmed the denial of the petition, finding "no issue of arguable merit." *Id.* at Ex. B p. 2. The Illinois Supreme Court denied Rice's PLA on March 27, 2013.

On April 15, 2013, Rice filed the instant *pro se* petition for writ of habeas corpus.

## LEGAL STANDARD

A habeas petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See id.* at 407.

ANALYSIS

I.  **Sufficiency of the Evidence Due Process Claim**

Rice brings a due process claim alleging that because the State did not introduce the gun itself, photographs of the gun, or any explanation of the chain-of-custody of the gun, there was insufficient evidence to convict him of being an armed habitual offender. Respondent argues that the Illinois appellate court's rejection of this claim was not contrary to, or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The Court agrees.

A federal court may grant habeas relief on a § 2254(d) claim if the state court's decision was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court precedent. *See Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). The Court assesses the reasonableness of the state court's decision, not the adequacy of its reasoning, and the Court may only grant relief "where there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.* at 102. Therefore, the question on this claim is not whether this Court disagrees with Illinois court's application of *Jackson* to the possession evidence, but whether that court's decision was "so lacking in justification" that it presents "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–103 ("It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").

On direct appeal, the appellate court rejected Rice's argument that the police officer's testimony that he observed Rice in possession of a gun was insufficient for a conviction. Although the Illinois court did not explicitly decide this as an issue of federal constitutional law,

4

it applied the standard found in *Jackson* when considering the claim and the case it cited, *People v. Sutherland*, 860 N.E.2d 178, 217, 223 Ill. 2d 187, 307 Ill. Dec. 524 (2006), adopts *Jackson*.[4] Under *Jackson*, there is no due process violation if, when the evidence is viewed in the light most favorable to the State, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. This makes challenging the sufficiency of the evidence a "daunting task." *United States v. Bailey*, 510 F.3d 726, 733 (7th Cir. 2007) ("To be irrational, a verdict must not rest on any evidence, regardless of how it is weighed, from which the trier of fact could find guilt." (internal quotation marks omitted) (citation omitted)). Under Illinois law, a conviction for being an armed habitual offender requires a finding of, in relevant part, possession of "any firearm after having been convicted a total of 2 or more times of any combination of": (1) a forcible felony, (2) unlawful use of a weapon by a felon, or (3) a class three or higher felony under the Illinois Controlled Substances Act. 720 Ill. Comp. Stat. 5/24-1.7(a). Rice only contests the sufficiency of the State's evidence of possession. He does not question the State's introduction of certified copies of his prior convictions for a class one delivery of a controlled substance felony and unlawful use of a weapon by a felon.

The appellate court found "nothing inherently implausible" in the police officer's testimony that he saw the butt of a gun poking out from Rice's waistband when he was a half a block away. Ans. at Ex. A p. 5. The court further found that the testimony of another police officer, Officer Jones, who testified that Rice admitted to possessing the gun and stated, "it is a war out there" to explain why he possessed the gun corroborated the testimony of the first police officer *Id.* at pp. 5–6. The court stated that the fact that Officer Jones did not see Rice in

---

[4] Respondent does not argue that Rice failed to fairly present his claims, including this one, to the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (a petitioner must fairly present his claims to all levels of the Illinois courts to avoid procedural default). Therefore, the Court will consider his claims on their merits.

5

possession of the gun was not significant because officers had already taken Rice into custody and recovered the gun by the time Officer Jones arrived on the scene.  The appellate court credited the factual findings of the trial court that assessed the officers' credibility and testimony and refused to disturb that finding.  Viewing the evidence in the light most favorable to the State, any reasonable trier of fact would have found these officers' statements supported possession. *See Jackson*, 443 U.S. at 319.  The appellate court's finding upholding the same was, therefore, not unreasonable.  Rice is not entitled to federal habeas relief on this claim.

Rice argues that the evidence was insufficient to convict him because the State did not introduce the gun or photographs of the gun, or any testimony about the chain-of-custody.  However, the appellate court's decision is not unreasonable simply because the State did not introduce this evidence at trial.  The court was well within the bounds of Illinois law to find sufficient evidence of gun possession based on eyewitness testimony alone.  *See People v. Washington*, 969 N.E.2d 349, 356, 2012 IL 107993, 360 Ill. Dec. 539 (2012) ("given [the victim/eyewitness's] unequivocal testimony and the circumstances under which he was able to view the gun, the jury could have reasonably inferred that defendant possessed a real gun"); *People v. Lee*, 876 N.E.2d 671, 675–76, 376 Ill. App. 3d 951, 315 Ill. Dec. 359 (2007) (victims' testimony sufficient to establish defendant committed the robbery while carrying a firearm); *see also United States v. Buggs*, 904 F.2d 1070, 1076 (7th Cir. 1990) ("The fact that the gun was not produced at trial or that the witnesses did not have an opportunity to examine closely the weapon does not prevent conviction of a firearm offense) (federal gun possession charge); *United States v. Hayes*, 919 F.2d 1262, 1265 (7th Cir. 1990) (testimony that witnesses delivered firearms to defendant sufficient to establish possession) (same).

6

In response, Rice seeks to distinguish *Buggs*, on the basis that the witness in *Buggs* described the gun at issue, while no one provided a description of the gun in his case. Rice's attempt to distinguish *Buggs* fails because the Illinois Supreme Court has upheld firearm possession convictions based solely on eyewitness testimony. *See, e.g., Washington*, 969 N.E.2d at 356. The appellate court's affirmance of Rice's conviction based on the eyewitness testimony of two officers was not so lacking in justification that it constitutes a constitutional violation. *See Harrington*, 562 U.S. at 102–103.

Rice also cites three Illinois cases to argue that Illinois courts require the State to prove actual or constructive possession of the gun for an armed habitual criminal conviction. *See* Reply at 1–2. The first case, *People v. Lipscomb-Bey*, analyzes the "substantial step" aspect of an attempted armed habitual criminal conviction and so does not address Rice's contention about the failure to produce the gun. 982 N.E.2d 240, 2012 IL App (2d) 110187, 367 Ill. Dec. 562 (2012). The second, *People v. Ross*, upholds an armed habitual criminal conviction when constructive possession was proven by evidence the gun was found in plain view in the car the defendant had been driving. 947 N.E.2d 776, 781, 407 Ill. App. 3d 931, 349 Ill. Dec. 762 (2011). The constructive possession conviction in *Ross* was based only on eyewitness testimony, which supports the appellate court's reliance on the same in Rice's case. *See* 947 N.E.2d at 779–80 (summarizing state's evidence). Similarly, in Rice's third case, *People v. Nesbit*, the court upheld the jury's finding of knowledge and possession of a firearm based on the officers' testimony as to the location of the gun in the car. 924 N.E.2d 517, 526–27, 398 Ill. App. 3d 200, 338 Ill. Dec. 311 (2010). None of these cases undercut the appellate court's reasonableness in upholding the conviction based on the officers' testimony.

The Court thus denies Rice's due process claim based on the sufficiency of the evidence.

## II. Ineffective Assistance of Trial and Appellate Counsel Claim

Rice also brings a claim for ineffective assistance of his trial and appellate counsel for failing to contest the sufficiency of the evidence on the same grounds discussed above. Respondent argues the appellate court's rejection of this claim was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). For the reasons discussed below, the Court agrees.

To demonstrate ineffective assistance of counsel, Rice must show that his counsel's performance "fell outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009) (internal quotation marks omitted). On habeas review, the Court does not evaluate trial counsel's performance *de novo*; rather it determines whether the state court's application of *Strickland* was unreasonable. *See Harrington*, 562 U.S. at 101. The Court must give "deference and latitude" to the state court's decision. *Id.* "The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen*, 555 F.3d at 600.

On post-conviction appeal, the appellate court found this claim failed because Rice's trial and appellate counsel challenged the sufficiency of the evidence. Ans. at Ex. O pp. C46–47. Although counsel did not challenge the failure to admit the gun, photographs of the gun, or chain-of-custody evidence, the appellate court was reasonable in finding no prejudice when counsel challenged the sufficiency of the evidence in other ways. As discussed above, considering Illinois precedent upholding gun possession cases based only on eyewitness testimony, counsels' failure to argue this point was unlikely to have changed the outcome of the

case. *See Schaff v. Snyder*, 190 F.3d 513, 527 (7th Cir. 1999) ("Because the underlying claim that trial defense counsel was constitutionally ineffective was at best a weak one, we cannot say that appellate defense counsel was constitutionally ineffective in failing to raise it on direct appeal."). Therefore, it was reasonable for the Illinois appellate court to find that the performance of both trial and appellate counsel did not fall below an objective standard, as required by *Strickland*.

The Court denies Rice's claim of ineffective assistance of trial and appellate counsel.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. With respect to claims of constitutional violations denied on their merits, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85)). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Rice's petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254 is denied and the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Rice is advised that this is a final decision ending his case in this Court. If Rice wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Rice need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. Motions for reconsideration serve a limited purpose and are only appropriate to bring to the Court's attention a manifest error of law or fact or newly discovered evidence. *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))).

However, if Rice wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant

to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Dated: September 4, 2018

_____
SARA L. ELLIS
United States District Judge